### GRAINER vs. DEVLIN.

The proper time for settling a question of privilege is upon filing a tableau of distribution.

Where the existence of a debt is at issue, the plaintiff may proceed to establish his claim notwithstanding the insolvency of his debtor.

Where a cause is transferred, testimony taken in the court of the first instance is admissable in that, to which it is transferred.

APPEAL from the court of the parish and city of New Orleans.

Eastern District
*April*, 1830.

GRAINER
*vs.*
DEVLIN.

The plaintiff sued out a writ of attachment against the property of the defendant on the ground that he had clandestinely left the state, never again to return.

Pending a rule to show cause why the attachment should not be set aside, the defendant returned to the state, and made a voluntary surrender of his property in the parish court, to which tribunal, the attachment was transfered from the district court, where it originated.— On the trial of the rule in the parish court, the defendant in the attachment, offered in evidence the deposition of witnesses, which had been taken in writing in the district court. To the reading of these depositions, the plaintiff objected, on the ground, that the cause being transferred to the parish court, as a court of the first instance, the judge was bound to hear the testimony from the lips of the witnesses, unless prevented by unforeseen circumstances. The objection was overruled by the court, and the plaintiff excepted. The attachment was set aside by the parish court, and the plaintiff appealed.

*Eustis*, for appellant.

1. The continued absence of the defendant, is the best evidence of his intention to absent himself permanently.

2. The application for the benefit of the insolvent laws of New-York; shews an intention to remain there.

*Conrad* & *Pierce*, contra.

1. The defendant is not properly before the court. The plaintiff could not, after a surrender, continue his suit, either against defendant individually, or against the syndics of the creditors. He should have waited for the filing of the tableau.

2. The attachment was quashed, by the surrender *ipso facto*.

PORTER, J. delivered the opinion of the court. This case commenced by attachment in the court of the first district, and the defendant, subsequent to its institution, having become insolvent, filed a petition against his creditors in the parish court. The cause was transferred to that tribunal, and cumulated with the other proceedings in *concurso*.

While the suit was pending in the tribunal before which it was instituted, the defendant took a rule on the plaintiff, to shew cause why

the attachment should not be set aside. Before this rule was disposed of, the case was transferred to the parish court, and the parties proceeded to try it there. The judge was of opinion, the attachment must be set aside, and the plaintiff appealed.

The existence of the original debt is not disputed, and if the enquiry had no other object, but to ascertain whether there extsted a privilege, in consequence of the attachment levied, we should say, as we did in the case of *Astor* vs. *The Syndics of Saul*, that the proper *The proper time for settling a question of privilege, is, upon filing a tableau of distribution.* per time of settling such question, would be on the syndic's filing a tableau of distribution. But in the present instance, more is put at issue. If the attachment was properly brought, the estate of the insolvent is responsible for the cost incurred in sueing out the writ. If it was *Where the existence of a debt is at issue, the plaintiff may proceed to establish his claim, notwithstanding the insolvency of his debtor.* not, the plaintiff must pay them. The existence of a debt is therefore at issue, and we have more than once decided, for reasons which need not now be repeated, that in such a case the plaintiff may proceed, notwithstanding the insolvency, and establish his debt.— 4. *Martin, n. s.* 632.

When the cause was on trial in the parish court, the defendants offered in evidence, cer-

tain depositions, which had been taken and placed on file in that of the district. The plaintiff objected to their introduction, because the judge who was to try the cause, should hear the testimony from the witnesses, unless prevented by some unforeseen circumstances. We think, with the judge below, that the testimony was admissible; that the cause was transferred from the one tribunal to the other, as it stood in that where it originated; and that whatever were legal proceedings, and legal proof, in the latter, did not cease to be so by the transfer.

The attachment was obtained, on an allegation, supported by the oath of the petitioner's agent, that the defendant had left the state, *never again to return.* He did return afterwards, but we think with the counsel for the plaintiff, that this circumstance does not necessarily shew the allegation to be false, on which the writ was sued out. We have, however, given to the evidence an attentive consideration, and we are perfectly satisfied, that when Devlin left the state to go to New-York, he had the intention of returning, and that the attachment was improvidently taken out.

Eastern District.
*April,* 1830.

GRAINER
*vs.*
DEVLIN.

Where a cause is transferred, testimony taken in the court of the first instance is admissible in that to which the case is transferred.

Eastern District.
*April,* 1830.

GRAINER
*vs.*
DEVLIN.

It is therefore ordered, adjudged and decreed, that the judgment of the parish court be affirmed with costs.