JOHN C. MARSH *v.* JONAS MARSH and others.

During the existence of the partnership, the partners may be sued in the parish in which they carry on their business, although one of them may be domiciliated in a different parish.  C. P. 165, § 2.  Otherwise, after the partnership has been dissolved.  Each partner then becomes separately bound—in a commercial partnership, for the whole debt, and, in an ordinary one, for his proportion ; and each may probably claim the privilege of being sued in his own parish.

No action can be commenced or prosecuted against the syndics of an insolvent in any other court than that before which the proceedings were pending.  C. P. 165, § 3.  Act 20 February, 1817, § 37.  The creditors are interested in con-

testing each other's claims, and it is only on a tableau of distribution that their validity and relative rank can be finally settled. Though it may be necessary, under art. 2080 of the Civil Code, to make the syndics parties to an action instituted against a co-obligor with the insolvent in a joint obligation, in order to obtain judgment against the latter, it does not follow that a judgment can be rendered against the syndics.

The creditors of a partnership do not lose their preference on the partnership property, by being compelled to establish their claims in the *concurso*, contradictorily with the other creditors of a partner who has made a surrender of his property.

APPEAL from the District Court of St. Martin, *King*, J.

*Magill*, for the appellant.

*Voorhies*, for the defendants.

MORPHY, J. This is an action brought in the parish of St. Martin against Jonas Marsh and the syndics of the creditors of John F. Miller, on sundry notes and open accounts alleged to be due by the partnership lately existing between the said Jonas Marsh and J. F. Miller, as proprietors of a certain distillery and sugar plantation, and known under the firm of Jonas Marsh & Co., in the aforesaid parish. On an exception taken below, that the court could entertain no jurisdiction as to the claim against the insolvent estate of Miller, who had failed in the parish of Orleans, where he was domiciliated, there was a judgment rendered against Jonas Marsh, and the suit was dismissed so far as the syndics were concerned. The plaintiff appealed.

During the existence of a partnership, two partners may be sued in the parish where they carry on their business, although one of them may have his domicil in a different one. Code of Practice, art. 165, § 2. 13 La. 424. But it is otherwise, we apprehend, when the partnership is dissolved. Each partner then becomes separately bound, in a commercial partnership, for the whole debt, and in an ordinary one, for his proportion of it, and each may probably claim the privilege of being sued in his own parish. Be this as it may, Miller, one of the partners in the present case, having failed in the city of New Orleans, and syndics having been appointed, it is clear that no suit can be instituted against such syndics in any other court than that before which the insolvent proceedings are pending.

The Code of Practice provides expressly that in such cases all

the suits already commenced, or which may be subsequently instituted against the debtor, must be carried before the court in which the failure has taken place. Art. 165, sect 3. B. & C's Dig. 494, sect. 37. The creditors are interested in contesting the demands of each other, and it is only on a tableau of distribution that the validity and relative rank of the claims set up against an insolvent estate can be finally settled. 1 Mart. 207. 3 *Ib.* N. S. 375. 4 *Ib.* N. S. 632. 1 La. 172. 9 La. 393. 2 Rob. 346. But it is urged that the partnership existing between these parties was a particular one; that their obligation was joint, and that, therefore, it was necessary, under article 2080 of the Code, to make the syndics defendants in the suit. Admitting such to be the nature of this partnership and of the obligation contracted by its members, it may have been necessary to make the syndics parties in order to obtain judgment against Jonas Marsh; but it does not necessarily follow that a judgment can also be rendered against them in the case. Such a judgment would not be binding on the creditors of the insolvent, nor is it easy to perceive how it could be enforced. The obligation of these parties, moreover, if joint during the existence of the partnership, may well have ceased to be so by its dissolution. In relation to the right of preference which the creditors of the partnership clearly have on the partnership property, they will not lose it by being compelled to establish their claims, contradictorily with the other creditors of the insolvent in the *concurso.* Such a course, we are aware, is extremely inconvenient and difficult for the partnership creditors; but it results from the position of their debtor, and the laws which regulate the manner in which his estate is to be settled. In September, 1842, we had before us a controversy in relation to the sale of the property of this firm, which arose in an action brought by the syndics of Miller for a partition and settlement of the partnership. In that suit an order was made referring to three auditors the settlement of all the accounts set up by the partners against each other, and against the partnership. As the syndics are plaintiffs in that action seeking to obtain such balance as may accrue to the insolvent after such settlement, the debts and claims of the creditors of the firm might, perhaps, be legal-

ly passed upon and settled in that suit with much less inconvenience and trouble.   3 Rob. 48.   Civil Code, arts. 1304, 1272, 1281.

*Judgment affirmed.*