| | |
|---|---|
| 7 | 477 |
| 45 | 1279 |
| 7 | 477 |
| 46 | 635 |

## L. T. CHALON v. AUGUSTUS W. WALKER. E. CHALON et al., Intervenors.

Defendants purchased property at a sale made to effect a partition, and alleging that there were informalities in the action of partition under which the sale was made, refused to pay the price, and claimed its rescision. The parties interested in the partition, offered to waive the informalities, and, within a reasonable time to be allowed by the court, to ratify the sale. *Held:* The parties in interest could alone object, and it was competent for them to waive the informalities. *Held, also:* That under the authority vested in the court, by article 2042 of the code, leave can be granted to them to waive the errors and ratify the sale within a reasonable time.

APPEAL from the Fifth District Court of New Orleans, *Buchanan,* J. *Buisson, Benjamin,* and *L. Janin,* for plaintifis. *Elmore* and *King,* for defendant. By the court: *(Preston,* J., dissenting. *Slidell,* J., absent.)

ROST, J. The plaintiff claims from the defendant the price of certain lands purchased by him at public auction, with the interest that has accrued upon it.

The answer of the defendant is not so explicit as might be desired; but we understand the prayer to be for a resolution of the sale, on the ground of informalities in the action of partition under which it was made. There was judgment against him for the amount claimed and interest, and he has appealed.

In the action of partition, *Elizabeth* and *Palmyre Alpuente,* two of the parties, were married women. The answer states, that they were duly authorized and assisted by their husbands. But the husbands did not make themselves parties to the proceeding, and no authorization is shown.

The heirs of *Rabassa* were parties in interest, and should have been made parties to the suit. His executor alone was cited.

No experts were appointed to determine whether the property was susceptible of division in kind.

These are informalities of which the parties having an interest could alone take advantage, and which it is in their power to waive, by ratifying the sale; and, as they have offered to do so, within any reasonable time the court may allow, we consider this a proper case for the exercise of the discretion vested in us by article 2042 of the Code.

It is therefore ordered and decreed, that in conformity with article 2042 of the Civil Code, *Elizabeth Alpuente,* the wife of *Alexander Joseph Atocha,* by him duly authorized and assisted; and *Palmyre Alpuente,* the wife of *Henry Boyle,* duly assisted and authorized; *Julie Pamela Mary,* the wife of *Antoine Joseph Guirot,* by him duly assisted and authorized; and the heirs of the late *Joseph Rabassa,* have a delay of sixty days, to ratify and confirm the adjudication made to the

---

*See the dissenting opinion of *Preston,* J., last case.

defendant, *Augustus W. Walker*, of the property described in the petition: and, whereas the defendant alleges that there are various irregularities in the proceedings for a partition, under which the adjudication to the defendant was made, and the plaintiffs have declared their willingness to ratify generally the said proceedings and adjudication, whereby, it becomes unnecessary to examine said irregularities, it is further ordered, that the plaintiffs and their assigns do ratify said proceedings for a partition, and said adjudication, within said delay of sixty days; that, on the plaintiffs executing before a notary public, and filing in the Fifth District Court, within said delay, a copy of the act of ratification, as hereabove directed, they recover from the defendant, the sum of two thousand six hundred and sixty-four dollars, with five per cent interest on the sum of $666, from the 5th of December, 1250; and with interest at the rate of eight per cent on the further sum of $666, from the 11th March, 1850; on the further sum of $666, from the 11th of September, 1850; and on the further sum of $666, from the 11th March, 1851—until final payment, with costs in the court below; the costs of the appeal to be borne by the plaintiff. And it is further ordered, that if the plaintiffs should fail to execute and file, within the aforesaid delay, said act of ratification, as within directed, the aforesaid adjudication, made to the defendant on the 8th March, 1849, be annulled and rescinded, and that in that case the plaintiffs pay the costs in both courts. It is further ordered, that this case be remanded to the district court, for the purpose of having the foregoing decree carried into effect.

EUSTIS, C. J., concurred with ROST, J.

PRESTON, J., dissenting. In a suit of *Joseph Chalon et al.* v. *Chalon et al.*, for a partition, which was decreed, the sheriff of the parish of Orleans, after the notices required by law, and in obedience to the judgment of the court, on the 5th and 8th of March, 1849, offered for sale a large number of lots, in the rear of the city of New Orleans, the price to be paid one-fourth cash, and the balance on twelve, eighteen and twenty-four months' credit, the notes secured by mortgage, and bearing eight per cent interest from maturity until paid. The defendant became the purchaser, for the aggregate amount of two thousand six hundred and sixty-four dollars. A title having been made out and tendered to him, he refused to accept it and comply with the terms of sale. This suit is brought to recover the price, according to the terms.

The defendant excepts to the suit, that the heirs of *Joseph Chalon*, and the numerous other parties interested in the partition, have alone the right to maintain this suit against him, upon the grounds set forth in the petition; and his administrator has no such right. Thereupon, all the parties interested intervened, and insisted upon the allegations and prayer of the original petition, and thus disposed of the exception.

The defendant, answering to the merits, alleged, that the various judicial proceedings carried on in the suit of *Chalon et al.* v. *Chalon et al.*, for a partition, in which the property was sold, were conducted with so much irregularity and illegality, that they have no binding effect upon the parties thereto, many of whom are minors, and others married women, who at any time could claim the property sold to effect the partition, so that the title tendered to him is so defective that he is not bound to pay his money for the property. He assigns several special reasons:

1. That *Joseph Chalon*, the plaintiff in the suit for partition, was a member of a family meeting called on behalf of the minor, *H. H. Alpuente*, one of the parties to the suit, and one of the defendants. The conclusive answer of the

plaintiffs to this objection is, that the only question submitted to the family <span style="float:right">CHALON</span> meeting was, on what terms the property should be sold; *Chalon* and the minor <span style="float:right">*v.*</span> were equally interested, that the property should sell for a good price, and <span style="float:right">WALKER.</span> therefore that judicious terms of sale should be recommended. It is an interest adverse to that of the minor, which incapacitates a relative from serving as a member of a meeting of his family, not a concurrent interest with him.

2. It is objected, that the answers to the suit for partition, by several of the heirs, who were married women, and were defendants, are authorized by their husbands. The record shows that, the answer was signed by a licensed attorney, who represented them, as authorized to answer by their husbands, who assisted them in the suit. The authority of the attorney to file this answer, has not been disavowed by the husbands, or denied upon oath by the defendant. On the contrary, the authority of the husband has been since ratified by their appearing, with their wives, and receiving the proportion due to their wives of the proceeds of sales that have been collected, and also joining their wives in this suit, to compel a compliance, on the part of the defendant, with the terms of sale.

3. It is objected, that *Etienne Chalon*, testamentary executor of *Joseph Rabassa*, was made party to the suit, instead of the heirs of *Rabassa*.

The action for a partition, is undoubtedly a real action, and the heirs of *Rabassa* should have been made parties to the suit, as specially decreed by the Civil Code and Code of Practice. C. P. 123. C. C. 1230, 1245.

But there is not a suggestion, much less proof, in the record, that the property sold for less than its value; and the executor of *Rabassa* has received his share of the proceeds of the sales which have been completed, and intervened in this suit to approve the former proceedings, and claim his share of the proceeds of these lots. There are also other lots bought by the defendant, at the same sale, for which suit is not yet brought to prove a compliance with its terms. In forcing a compliance with the sale of those lots, I would recommend a mere ratification of the whole proceedings, on behalf of the heirs of *Joseph Rabassa*, but do not see sufficient danger of eviction or loss, to the defendant, which may not be avoided, to afford him relief in this case.

Another objection, made by the defendant, to this title is, that no experts were appointed to report to the court whether the property should be divided in kind, or sold to effect the partition. It was proved to the satisfaction of the district court, and appears conclusively to me, that the partition could only be made by a sale, and that the property could not be divided in kind. This superseded the necessity of experts. Other smaller objections are made, but they appear to me quite immaterial to the title.

I think the judgment of the district court should be affirmed, with costs.