(64 South. 401.)

No. 19,606.

ARBUTHNOT v. BIG PINE LUMBER CO., Limited.

BIG PINE LUMBER CO., Limited, v. ARBUTHNOT.

(Dec. 1, 1913. On application for Rehearing, Feb. 16, 1914.)

*(Syllabus by the Court.)*

1. COVENANTS (§ 130*)—WARRANTY—RECOVERY OF PRICE PAID.

Where one sells, by a warranty deed, lumber which he does not own, he is compelled to return to his vendee the purchase price when the latter has been evicted by the real owner.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 245–253, 255, 256, 257; Dec. Dig. § 130.*]

2. DISPOSITION OF CAUSE.

Judgment affirmed as between plaintiff and defendant; as between warrantor and defendant case is remanded in order to enable the defendant to prove the amount due him by warrantor.

On Application for Rehearing

*(Additional Syllabus by Editorial Staff.)*

3. CONTRACTS (§ 261*)—RESOLUTORY CONTRACT —NONPERFORMANCE.

The nonperformance of a resolutory condition within the time stipulated does not ipso facto work a dissolution of the contract, but the dissolution must be sued for, and further time may be allowed. Civ. Code, art. 2047.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1174–1180; Dec. Dig. § 261.*]

Appeal from Thirteenth Judicial District Court, Parish of Grant; W. F. Blackman, Judge.

Petitory action by the Big Pine Lumber Company, Limited, against C. L. Arbuthnot, and action by C. L. Arbuthnot against the Big Pine Lumber Company, Limited. S. G. Hester was cited as defendant's warrantor. The actions were consolidated. From judgment for plaintiff and for defendant against his warrantor, an appeal is taken. Affirmed as between plaintiff and defendant, and remanded as between warrantor and defendant to enable defendant to prove the amount due him by warrantor.

Bullock & Prothro and J. M. Durham, of Winnfield, for warrantor. J. A. Williams, of Colfax, for Big Pine Lumber Co. H. M. Brennan, of Jennings, and W. C. & J. B. Roberts and C. H. McCain, all of Colfax, for Arbuthnot.

BREAUX, C. J. The action is petitory. Plaintiff sued as alleged owner of the pine timber on fractional section 35 and on east half of northeast quarter and fractional north half of southeast quarter of section 36 in township 8 north, range 5 west, bought from W. O. Harrison, who traces title back to the general government.

Harrison sold the land and the timber thereon to plaintiff.

The complaint is that the defendant is unlawfully appropriating the timber on the land, and plaintiff asked for an injunction, which was issued. It claims damages for timber removed, $144, and for loss of time and fee of attorney, $150.

Defendant denies that plaintiff owned the timber.

Defendant avers in substance that years ago plaintiff bought the timber without warranty with the right to remove it within a time stated, to wit, ten years, and that the time had expired, and it is therefore not now its timber. Defendant alleged that plaintiff's suit should be dismissed.

Defendant claimed to have bought the timber from S. G. Hester for the price of $3,750, and had him cited to answer as his (defendant's) warrantor, in order that if he were cast in the action judgment might be rendered in his favor against the warrantor, fully indemnifying him for his loss.

The warrantor answered and for answer stated that plaintiff is not the owner of the timber it claims; that the writ of injunction issued wrongfully and illegally, and claimed damages.

Returning for the moment to the defendant, he averred that, in the sale by the Louisiana Real Estate & Development Company (one of the defendant's ancestors in title) to Hester, his warrantor, Hester, was the purchaser of the following property, to wit: Fractional half of section 36, township 88 north, 5 west; fractional section 35, township 8 north, 5 west, less the timber thereon which was sold by W. F. Taylor Lumber Company and in possession of the Big Pine Lumber Company, Limited.

Defendant avers that in all the deeds the property or timber is conveyed to various vendors until it falls into the possession and ownership of the Big Pine Lumber Company, and adds that on that account he declined to appeal from the judgment of the district court; that it would have been useless to appeal as the court of last appeal, and the district court cannot now, in view of the facts, decide in his favor, but that he is entitled to the amount he paid to his warrantor for property which he never received.

As defendant offers no further defense to plaintiff's demand, the controversy is entirely between defendant and his warrantor.

[1] The warrantor has sold timber to the defendant, not a particle of which he owned. He received the amount paid him by defendant as the price without consideration.

One having received an amount without having given any equivalent therefor should return it in as limited a time as possible. The fact is undeniable that there was no property transferred.

As to the call in warranty and the asserted fee of defendant's counsel, employed by him to have the warrantor cited and to represent his interest as defendant against the warrantor, it does not appear in the judgment that the court allowed any fee at all. Warrantor complained of a small amount allowed for profits that would have been realized.

On the 25th day of June, 1912, after the case had been decided, C. L. Arbuthnot, defendant in his suit, the Big Pine Lumber Company, against him, and plaintiff in the other suit against the Big Pine Lumber Company, consolidated, filed a petition as related to the judgment which had been rendered as operating against J. G. Hester as warrantor, the asserted vendor of the timber. He alleged that the court should render judgment additional in his favor against Hester for whatever amount petitioner has paid to said Hester for the timber in controversy. He further alleged that, in order to determine the amount on the judgment which should be rendered against the warrantor, it was necessary that this case be reopened; that further evidence be offered for the reason that he had inadvertently forgot to do so on the trial of the case. Petitioner avers that for and in consideration of the purchase price of the timber involved in the suit he has paid to Hester as follows, to wit:

April 2, 1912, check for.......... $ 500 00
April 2, 1912, draft on a lumber
  company ...................... 2,250 00
April 12, 1912, check for.......... 500 00

    Total amount ................ $3,250 00

He further asks for a reopening of the case for the sole purpose, as he alleged, of proving the above amounts to be true and correct, proving that they have been paid to

J. G. Hester for the timber involved in this suit, and that the amount of the judgment rendered against the warrantor be determined.

No default was ever taken on the petition. The motion was filed, allowed, heard, and the trial had on the same day.

The order of the court was that the cause which had already been decided be reopened for the purpose of proving the allegation in the petition and of determining the amount of the petitioner's judgment against J. G. Hester, warrantor.

Testimony was offered on the rehearing to show that the amount above alleged had been paid to the warrantor. The court then rendered judgment for the sum of $3,250, with interest at 5 per cent. from June 25, 1912, this, said the court, being the amount shown to have been paid by C. L. Arbuthnot to J. G. Hester for the purchase price of the timber in controversy, also for the sum of $150, with interest, and also condemned Hester to pay the costs as recited in the judgment.

On the same day that the case was reopened, the minutes show the following: To which reopening of the case counsel for the warrantor objected and interposed the objection as recorded in the note of evidence, as stated in the case, as follows: That counsel for the warrantor having been present throughout the trial, and the case tried and closed, this motion, coming after the judgment was rendered, gives no legal opportunity to warrantor to protect his rights, he being a distance of 90 miles from the courthouse, and the appearance for him herein being made by counsel who has had no opportunity to examine records and protect the interest of the warrantor, to the accorded time to prepare defense or cross-examine witnesses as to the testimony sought to be introduced, having been engaged only a few moments over the phone. Counsel for warrantor specially objected to the reopening of the case as being res judicata and not in conformity with the law.

The case has to be remanded in order that evidence may be admitted for the purpose of showing the amount due by the warrantor to C. L. Arbuthnot, the defendant.

The amount had not previously been claimed nor any demand made for judgment on the line indicated.

It is therefore ordered, adjudged, and decreed that the case be remanded to the district court for the sole purpose, just above expressed, of admitting proof of payment and to render judgment according to law after amendment and citation.

The judgment between plaintiff and defendant remains unchanged and is affirmed in every respect.

[2] The judgment between defendant and warrantor to the extent that it decrees that a specific amount has been legally proven is avoided, annulled, and set aside, and it is adjudged and decreed that the evidence be admitted and judgment rendered for amount due by warrantor to defendant.

The costs of appeal to be paid by appellee, and all other costs to await final decision.

### On Application for Rehearing.

PER CURIAM. [3] The contention of the warrantor that the Big Pine Lumber Company forfeited its title to the timber in dispute, because said company failed to remove the same within the time stipulated in the deed of purchase, is without merit. The nonperformance of a resolutory condition within the time stipulated does not ipso facto work a dissolution of the contract, but the dissolution must be sued for, and further time may be allowed. Civil Code, art. 2047; Turner v. Collins, 2 Mart. (N. S.) 607; Chalon v. Walker, 7 La. Ann. 477; Perkins v. Frazer, 107 La. 393, 31 South. 773.

Warrantor's title to the land expressly excluded the timber thereon, and notified him

that it had been sold and was in the possession of the Big Pine Lumber Company.

Rehearing refused.

PROVOSTY, J., being absent on account of illness, takes no part on the application for rehearing.