## No. 843.

### VALCOURT VEAZY *v.* ONEZIME TRAHAN, JR., Administrator.

The objection to the jurisdiction of the district court over the demand of the plaintiff can not be maintained, but, as the administrator of the estate of the deceased represents only the creditors of the succession, and has power only to pay the debts and turn the *residuum* over to the heirs, he can not represent the latter in a controversy to settle the rights of the respective partners in community, nor in a partition of the community property. A judgment against the administrator in this case would not bind the heirs of the deceased. The judge *a quo* did not err in dismissing the suit against the administrator.

APPEAL from the Sixteenth Judicial District Court, parish of Vermilion. *Mouton,* J. *F. R. King,* for plaintiff and appellant. *R. P. O'Bryan,* for defendant and appellee.

HOWELL, J. The plaintiff, as surviving husband, instituted this suit in October, 1872, against the administrator of the succession of his wife, who died in February, 1864, to recover one-half of the proceeds of the personal property sold in August, 1864, and to partition the land and obtain the usufruct of the property of the deceased, alleging that all the property inventoried and sold belonged to the community, and there were no debts, or if any, they had long since been paid. The defendant excepted :

*First*—That no proceedings can be had against him for the partition of land, he being incompetent to stand in judgment in such suit and no other heirs being cited.

*Second*—That the claim for money can not be passed on by the district court, it being a probate matter.

*Third*—The suit is premature, no tableau of distribution having been filed, on an opposition to which alone this demand can be urged.

From a judgment maintaining these exceptions the plaintiff has appealed. The district court has jurisdiction of the demand, but as the administrator represents only the creditors of the succession and has power only to pay the debts and turn the *residuum* over to the heirs, he can not represent the latter in a controversy to settle the rights of the respective partners in community, nor in a partition of the community property. A judgment against the administrator in this case would not bind the heirs of the deceased. The judge *a quo* did not err in dismissing the suit against the administrator.

Judgment affirmed.