Taney vs. Meilleur.

## No. 8669.

### ROBERT J. TANEY VS. J. S. MEILLEUR.

A default can be confirmed *two* judicial days after it is entered. The law does not allow the defendant the *third* judicial day after the taking of the default to file his answer, unless no confirmation has intervened. A judgment by default, which is confirmed on the *third* udicial day following the default, is seasonably rendered.

The appeal being frivolous, damages are allowed.

APPEAL from the Civil District Court for the Parish of Orleans. *Tissot, J.*

---

*B. C. Elliot* for Plaintiff and Appellee :

When two judicial days have elapsed and intervened, a default may be confirmed. C. P. 312; Hall vs. Mulholland, 3 L. 113; DeBlanc vs. LeBlanc, 15 An. 224; Hart vs. Nixon, 24 An. 137.

Where the appeal is taken only for delay, the judgment will be affirmed with damages. C. P. 907; 3 M. 405; 31 An. 427.

*Geo. C. Préot* for Defendant and Appellant :

In all cases where delay is granted either to do something or to answer, neither the day of serving the notice, nor that on which the act is to be done or the answer filed, are included. C. P. 318.

Article 312 of the Code of Practice is to be interpreted under the above rule. 25 An. 137.

The last day of delay falling on a *dies non,* the whole of the next day is allowed. 30 An. 677.

---

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant appeals from a money judgment against him.

He assigns as error, patent on the face of the record, that the judgment by default properly taken against him was prematurely confirmed on the third judicial day, and that this could only have been done on the fourth judicial day, as he was entitled to the whole of the *third* judicial day to set the default aside.

· The appellant has misconceived the law on the subject.

Article 312, C. P., which is applicable thereto, is in the following terms :

"If *two* days after this first judgment has been rendered, the defendant neither appear nor file his answer, a definitive judgment will then be given for the plaintiff, provided he prove his demand."

Previous to 1853, the delay required to elapse between the default and the confirmation was *three* days.

The decisions on the Article, as it was and as it is, are uniformly that a default can be confirmed after the full expiration of the prescribed delay. 3 L. 113, 115 ; 14 L. 268 ; 1 R. 448 ; 12 R. 41 ; 2 An. 806 ; 15 An. 224 ; 24 An. 137, etc.

· The appellant however relies upon Article C. P. 318, which says that :

" In all cases where the delay is given, either to do something or to answer, neither the day of serving the notice nor that on which the act is to be done or the answer filed, are included."

He contends that under the terms of the two Articles and the juris- prudence upon them, the law requires as well that the whole of the *eleventh* day following the service of a citation, shall be allowed to pass before a default can be taken, as that the whole of the *third* day shall also elapse before a default can be confirmed.

The authorities to which our attention has been called, 25 An. 137 ; 29 An. 224, 850 ; 30 An. 677, no doubt contain a correct exposition of the law, but have no bearing on the point now at issue.

The error in which the appellant has fallen is the legitimate result of a confusion of ideas on the subject of computation of time.

While it is undeniably true that a default cannot be taken before the *eleventh* day, after service of the citation, it is equally so that a default can not be confirmed before the *third* judicial day after the taking of the default ; but it may well be so on that third day.

In the first case, the defendant is given *ten* full days to appear, which are to be counted from and exclusive of the day of service of the citation. In the second case, he is allowed *two* full judicial days, to be counted from and exclusive of the day on which the default is entered, to set it aside or file his answer. If he do not appear within the *ten* days following the service of a citation, a default can go against him on the *eleventh* day, not before. If he do not set the default aside within the *two* judicial days following that on which it was entered, confirmation, on proof, can take place on the *third* judicial day, not before.

The initial point for computation, in the first instance, is the day of service of citation, excluding it from the ten days. The initial point, in the second instance, is the day of the taking of the default, exclud- ing it from the two judicial days. The law is equally imperative in both cases.

It does not allow the defendant the third judicial day following the taking of the default, unless no confirmation has intervened.

In the present case it is admitted that the default was *properly* taken on the 18th of May, 1882. The 19th and 20th, following, were judicial days. The 21st was Sunday. The default was confirmed on the 22d of May, 1882. The entire delay of *two* judicial days allowed by law had *then* fully elapsed. The judgment of confirmation was, therefore, seasonably rendered.

Construing the Articles differently would be to do them violence, by allowing *three* instead of *two* judicial days, and to run counter a uniform practice of more than half a century, which has never been questioned.

The appellee, treating the appeal as frivolous, has prayed for damages.

The suit is on a note, and no defense appears to have existed to its payment.

We think him entitled thereto.

It is, therefore, ordered and decreed, that the judgment appealed from be affirmed. It is further ordered and decreed, that the plaintiff recover of the defendant ten per cent. damages on the amount of the judgment, and costs in both Courts.

Rehearing refused.