The opinion of the court was delivered by
Watkins, J.
Alexis Dumestre died in 1884, intestate and without debts, leaving as his survivors Blanche Dumestre, widow in community, and ten children of the marriage, eight of whom were minors.
The widow was confirmed natural tutrix, and an inventory was taken, which showed a total appraisement of over $37,000. Taxes, burial expenses, court costs and other expenses having been disbursed, the widow and tutrix filed an account, showing the separate and respective interests of the spouses and of the children, each one of the latter being entitled to $1525.53.
*412 As surviving widow, she took the necessary proceedings to have the shares of the eight minors in the community property adjudicated to her, and she executed in their favor a special mortgage in lieu of their general mortgage; the interests of the two major hems remaining undisturbed.
In 1887 the widow died, leaving an estate of some $2500, much embarrassed with debts contracted subsequent to her husband’s death. An administrator was appointed, and he brought suit against the two major heirs for a partition by licitation of the property, in which they had inherited from their father two-twentieths interest, the same not being susceptible of division in kind.
A judgment ordering partition was rendered, a sale and adjudication was made, the purchaser declined to accept title, and, being ruled to accept same and comply with the terms of adjudication, he has appealed from that decree.
In this court appellant’s counsel states that “the proposition for the court to decide is, can an administrator of the widow in community sue the two major heirs for a partition of property which formed part of the community?” This proposition is not correct in point of fact, for we take it to be quite plain from the evidence that the property is not community property, but property held in indivisión and joint ownership by the succession of Mrs. Blanche Dumestre and the two major, heirs of Alexis Dumestre. The community was dissolved by the death of the latter in 1884, and the effects which composed the partnership or community of gains, were divided into two equal portions between the wife surviving and the heirs of the deceased. R. C. C. 2406.
In Tugwell vs. Tugwell, 32 An. 848, we said that when the community of acquets and gains is dissolved by the death of the wife, the respective interests of the surviving husband and of the deceased wife attached at the moment of its dissolution to the property of the community, subject to the payment of community debts.
To the same effect is our opinion in Glasscock vs. Clark, 33 An. 584. Also in Bartoli vs. Hugueneaud, 39 An. 411; and in heirs of Murphy vs. Jurey & Gillis, 39 An. 785. Dickson vs. Dickson, 37 An. 915 involves the same principle.
The theory of the law is, that a community of acquets and gains has, after the decease of one of its members, only a fictitious existence, for the purposes of liquidation and settlement of com *413 munity debts. But, as there were no community debts at the date of the dissolution of the matrimonial partnership by the death of Alexis Dumestre, the respective interests of widow Blanche Dumestre and the heirs of Alexis attached to the community property at once and irrevocably, and, thereafter, it continued to be property held in joint ownership by the widow and heirs — the former having acquired all the interests of the minors. The debts presently due are not those of the Dumestre community, but those of the succession of widow Blanche Dumestre, contracted by her since the death of her husband, and for which the heirs of Alexis Dumestre are not responsible.
Having undertaken the administration of an estate burdened with debt, it was the first duty of the administrator to separate the interests of the joint owners, so that he might reduce to possession the portion belonging to the succession under his control. This he is enjoined by the Code to do, for its injunction is, viz:
“ If the deceased was in community or partnership with anyone who has survived him, the curator of the vacant succession or of absent heirs is bound, immediately after Ms appointment, to sue for a partition, in order that the part which belonged to the deceased in the community or partnership property be ascertained.” O. C. 1185.
This article has no application to the matrimonial community as instituted under the Code; but it rather refers to such property as may be held in joint ownership or indivisión by the deceased and some stranger or third person, and by adverse titles. For it is plain that if Alexis Dumestre were living, the administrator would not be authorized, under that provision of law, to sue Mm for a partition of the common property, because the whole necessarily becomes subjected to administration, by reason of the fictitious existence of the community for the purpose of settlement of community debts. But, Alexis having died without debts and Ms heirs having become seized eo instanti of his estate, they occupy the position of strangers to an administration of the estate of Blanche, for the purpose of the settlement of debts they do not owe, and for which they are in no way bound.
We think the administrator had the authority, and that upon him the law had imposed the duty, to sue for the partition of the property which was held in joint ownership by and between the succession he *414 represente I and the heirs of Alexis Dnmestre, and that the title tendered appellant is good and valid.
Judgment affirmed.