Smith et al. vs. Sinnott.

## No. 10,894.

THOMAS SMITH ET AL. VS. JAMES B. SINNOTT.

An executor has capacity to institute and prosecute to judgment, *real* actions. for recovery, into the succession of the testator, property in the hands of strangers, without joining his universal legatees as plaintiffs. And for like-purpose sue for the partition of *partnership* property.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*J. C. Gilmore* and *S. L. Gilmore* for Plaintiffs and Appellants:

By the laws of Louisiana a commercial partnership can not own immovable property; the partners are joint owners. 3 La. 394; 23 An. 419; McKee vs. Griffin, 10 La. 420; 7 M. 244; Louque Dig., p. 511; 3 Rob. 356; Thomas vs. Scott,. *Ib.* 313, 484, 44; R. C. C. 2880, 2881.

Where the deceased was in community or partnership with any one who has survived him, it is the duty of the executors to sue for a partition. Arts. 1135, 1136, R. C. C.; 3 Rob. 44, 363; Succession Blanche Dumestre, 42 An. 411, and authorities cited in brief.

In the course of administration of a succession in bringing or joining as plaintiffs in an action of partition of real estate acquired by the co-owners as commercial partners, the executors need not join the heirs of the testator who was one of the co-owners and commercial partners. The purchaser at, partition sale is protected by the decree. Woodworth vs. Thomas, 38 An. 236 and authorities cited in brief. Rev. C. C., Arts. 1135,1136, 871, 872, 873.

*Benjamin Ory*, for Defendant and Appellee, cited:

C. C. 1668, 1669, 1670, 1135, 1136, 1137, 1155, 1165, 1166, 1609; C. P. 165, Sec. 1; C. P. 122, 123; 4 An. 570; 32 An. 321; 4 An. 260; 9 An. 302; 3 La. 128; 16 La. 157; 17 La. 348; 19 La.. 36; 4 La. 56; 30 An. 177; C. P. 1029.

The opinion of the court was delivered by

WATKINS, J.    This is a proceeding by rule, taken on the part of plaintiffs in the suit entitled *Thomas Smith and Executors of Charles Smith vs. James B. Sinnott*, it being a suit for the partition of the property situated at the corner of Perdido and Howard streets, in the city of New Orleans, to compel Thomas Eagan, purchaser, to take title thereto—same having been adjudicated to him at the price of $3000.

The two grounds of objection urged to the title are (1) that all parties in interest were not cited as defendants in said partition suit;.

and (2) that the executors of Charles Smith—one of the joint co-proprietors—were incapacitated in law to prosecute said suit and stand in judgment therein *without being joined and authorized by the heirs of the deceased testator.*

On the trial the lower judge discharged the rule, and plaintiffs have appealed.

The facts are as follows, viz.:

At an auction sale, made in the succession of James Cowsley, the property sought to be partitioned was adjudicated to Smith Bros. & Co., in the foreclosure of a special mortgage.    Succession of Cowsley, 39 An. 570.

Smith Bros. & Co. was a commercial partnership, composed of Charles Smith, Thomas Smith, and James B. Sinnott.    In the partition suit Thomas Smith and the executors of Charles Smith, deceased, were plaintiffs, and James B. Sinnott, the other and third co-proprietor, was cited and made defendant—the plaintiffs alleging themselves to be the joint owners of two-thirds and defendant of one-third of the property, and they being unwilling any longer to hold same in indivision.

There was no dispute about facts in that case, the defendant appearing *in propria persona,* admitting the joint ownership of the property, and submitting himself to the jurisdiction and judgment of this court.

Under the judgment therein rendered, the property was adjudicated to the defendant in rule, and *proces verbal* duly executed.

There are no forced heirs to the succession of Charles Smith, but there are testamentary heirs, or universal legatees under his will. R. C. C. 1609.    4 An. 570.

Some of these legatees are present or represented in this State, who were not joined as plaintiffs in the partition suit, and who were not made parties defendant.

The proof shows that the administration of his estate has not been closed, and said legatee's heirs have not been put in possession of their inheritance.

The testator owed no debts; and the only sums there are to be disbursed by his executors are the expenses of administration and one special legacy, for the payment of which it is admitted there has been at all times a sufficiency of cash on hand.

Therefore, the question for decision is, whether, under the circum-

stances related, there were *proper and sufficient parties plaintiff* to authorize the judge *a quo* to render a valid judgment, decreeing a partition of the common property, or, in other words, did the executors of Charles Smith have the capacity to institute and prosecute the suit, and stand in judgment—the defendant urging no objection?'

These are the questions propounded by a purchaser at a public judicial sale, who alleges the incapacity of said executors on that account, and declines to take title.

The property sought to be partitioned was undoubtedly held and owned in indivision by the three members of the commercial firm of Smith Bros. & Co., notwithstanding the title was taken in the partnership name, because a commercial partnership can not deal in or acquire ownership of real estate. R. C. C. 2825; 3 La. 394; 23 An. 419; 10 La. 420; 7 O. S. 244; 3 R. 256, 313, 488.

Under the law it is the duty of the curator of a vacant succession, or of absent heirs, to institute suit for the partition of property held in joint ownership by the deceased and third persons, in order that the part belonging to the deceased in the partnership property be ascertained. Succession of Dumestre, 42 An. 411; R. C. C. 1135.

But those principles of law being conceded the question yet remains for ascertainment, had the executors of Charles Smith capacity to bring the partition suit and stand in judgment?

Conceding for the argument, and nothing more, that Article 123 of the Code of Practice has *equal* application to suits *brought by* as to those *brought against* executors—which we do not undertake to decide—it is evident to our minds that the *heirs* therein referred to, are *legal heirs*, or *heirs of the blood* (R. C. C. 879), and *not* "the universal successors of the deceased." R. C. C. 844, 1606.

In the former article it is provided "that the person who *has become* the universal successor of the deceased, who is *possessed* of all his property and rights, and who is subject to all the charges for which the estate is responsible, *is called the heir*," etc. The latter provides that "the universal legatee is bound to demand   *   *   * the *delivery* of the effects included in the testament." R. C. C. 1607.

In this case the will was not introduced in evidence, and, presumably, it gave to the executors full seizin of the testator's effects. R. C. C. 1659.

But if they were not given full seizin, they were entitled "to ex-

Railroad Co. vs. Railroad Co.

ecute the legacies contained in the will, and to cause any other conservatory acts of the property to be made." R. C. C. 1660.

To eliminate from the property of a *succession* the *interest* of a stranger is a matter of administration, and a suit for that purpose is such a " conservatory act of the property " as an executor may do in his own right and capacity. R. C. C. 1135, 1660.

The universal legatees of the deceased have not been placed in possession of their inheritance. Until. the partition was effected they could not be placed in possession of the testator's property and rights, nor could they legally become subject to the charges for which his estate is responsible. The executors have not discharged the special legacies. The contingency has not arisen in this case, in which the universal legatees are entitled to be *called heirs* of the deceased.

The defendant, Sinnott, filed an answer in the partition proceedings, admitted the joint ownership of the plaintiffs in the property, and submitted himself to the jurisdiction of the court.

That the executors of Charles Smith had capacity to sue and stand in judgment, and that the court had jurisdiction *ratione materiæ et personæ*, there is in our minds no doubt—at least, in a case like this, where there are no *forced* heirs, and where the execution of the will involves the administration and disposition of the whole estate.

Entertaining this view we must reverse the judgment.

It is, therefore, ordered and decreed that the judgment appealed from be annulled and reversed; and it is now ordered that the rule taken to compel the adjudicatee to accept title and complete the adjudication be made absolute at the defendant's cost in both courts.