## No. 11,709.

MARGARET GIBBS VS. EXECUTOR OF ESTATE OF ROBERT JACKSON.

Suit for a partition was brought against the executor of an estate.

The action for a partition of immovable prope ty being a real action, the heirs should be made parties defendant to the suit. As the partition has not yet been made, compliance with Art. 123, C. P., and Arts. 1308 and 1322 is required.

An attorney for absent heirs cannot st and in judgment in such a s uit.

APPEAL from the Civil District Court for the Parish of Orleans. *Monroe, J.*

*Benjamin W. Kernan,* for Plaintiff, Appellant, cites C. C., Art. 1135; C. P. 123; 42 An. 411; 44 An. 53; C. C., Arts. 12, 13.

*Bernard McCloskey* and *Charles J. Theard* for Defendants, and *Arman Pilie, amicus curiæ,* counsel for absent heirs of Robert Jackson, Appellee, cite C. C. 1329; C. P. 123, 1024; 7 An. 477; 30 An. 177; 26 An. 606; 17 La. 348; 19 La. 36; 4 An. 56; 16 La. 157; 4 An. 260; 15 An. 250; 44 An. 619; 46 An. 636.

Submitted March 29, 1895.
Decided April 8, 1895.

The opinion of the court was delivered by

BREAUX, J.   There is no dispute regarding the facts.   The suit is for a partition brought by the heirs of Mrs. Robert Jackson against the heirs of Robert Jackson.   Mrs. Jackson died intestate; a short time after Mr. Robert Jackson, her husband, died, leaving a will.

The estate of Mrs. Jackson, consisting of one-half interest of the property acquired by her and her husband under the regime of the community, was inherited by her nephews and nieces, descendants of her three brothers.   Robert Jackson, owner of one-half of the property, consisting largely of immovable property, disposed of his estate by making a few particular legacies and bequeathing the remainder to his lawful heirs, who are the descendants of his six brothers and sisters, some of whom have not presented themselves. The succession of Mrs. Jackson was opened, and subsequently the succession of Robert Jackson.   His testamentary executor qualified,

and an attorney for absent heirs was appointed and an inventory taken.

Two of the heirs of Mrs. Jackson interposed the exception to the suit for partition of the want of proper parties.

This exception was maintained, and plaintiff's suit was dismissed.

The heirs of Mrs. Jackson are properly before the court.

The estate of Robert Jackson is represented only by the executor, and it is urged that he alone can not represent the estate; that his heirs must be made parties.

In two cases, Succession of Dumestre, 42 An. 411, and Smith vs. Sinnott, 44 An. 53, this court has decided that an executor or an administrator has authority to institute suit for a partition without being joined by the heirs of the estate he represents.

In the last case cited the property had been adjudicated to the highest bidder, and he, the adjudicatee, had declined to take title. The proceeding was by rule to compel him to accept the title tendered; the defendants having urged no objection, the rule was made absolute.

In the Dumestre case, also, the question was raised by a purchaser at partition sale, and it was held that the administrator had the authority to sue for the partition of the property owned jointly by the succession he represented, and the heirs who had seizin of their interest in the estate.

Here the position is changed; the suit is not brought by the executor or administrator, but it is brought against the executor of the husband's estate by the heirs of the deceased partner in community, owner of one-half of the estate.

We are not inclined to extend further the rule laid down in the cases cited *supra*. The owner of property in indivision, who sues for a partition, should make the heirs, in interest, parties defendant, and not the executor of their estate alone.

The suit was for a partition; the heirs must be made parties. C. C. 1329.

The last utterance of this court reaffirmed a number of decisions, holding that in a partition suit the heirs or their representatives must be cited. Union National Bank vs. Choppin *et al.*, 46 An. 636.

The plain text of the Civil Code compels us to adhere to the principle reannounced in that case.

One of the grounds of argument on the part of plaintiff is that the

citation of the heirs may cause interminable delays, as it may be that some of the heirs can not be found.

Counsel for the defendant suggest, in order to avoid possible delay, that the present proceedings would become legal and binding, if the attorney for the absent heirs of the Robert Jackson estate were made party to the suit.

The heirs of an estate undivided have, at all times, the right to a partition. There is no exception; absentees and minors alike are subject to the rule.

We do not think, however, that this right can be exercised contradictorily with the attorney for absent heirs.

We are decidedly of opinion that proceedings in suit for partition of property in indivision, as in this case, should be conducted against the curator ad hoc appointed to represent the minors or the absentees, and not against the attorney of absent heirs, not vested with authority to represent heirs in a partition.

In following the requirement of Art. 116 of the Code of Practice, it does not occur to us that there is occasion for extraordinary delays. It is the formality prescribed, and should be followed. Hooke vs. Hooke, 6 La. 473; Bienvenue vs. Factors and Traders Ins. Co., 33 An. 209; Covas vs. Bertoulin, 44 An. 683.

The judgment appealed from is, therefore, affirmed, at appellant's costs.

MILLER, J., recused.