O’NIELL, J.
The plaintiff appeals from a judgment dismissing his suit on exceptions of misjoinder of parties defendant and improper cumulation of demands.
The demands are for a partition of three *681 lots of ground in the city of Monroe, for recognition of various items of indebtedness alleged to be due by the succession of the plaintiff’s stepfather, William Harris, deceased, and for an accounting by the administrator of the estate. The defendants are the heirs of William Harris and the administrator of his estate. The district court held that the heirs were not necessary or proper parties to the plaintiff’s suit to he recognized as a creditor of the succession and to compel the administrator to render an account, and that the administrator was not a necessary or proper party to the suit for a partition of the real estate. In maintaining the ex-, ceptions the judge ordered the plaintiff to elect which demand he would pursue. He moved for a new trial of the exceptions, and,after allowing him nearly a month in which to decide which suit he would prosecute, the judge rendered a judgment dismissing the suit.
The plaintiff relies upon the decisions in Bayly v. Becnel, 36 La. Ann. 778, Helen Stafford v. Succession of McIntosh, 38 La. Ann. 666, and Gibbs v. Executor, 47 La. Ann. 766, 17 South. 291, in support of his right to cumulate his demand against the heirs for partition of the real estate with his demand against the administrator for an accounting and to be recognized as a creditor of the succession. In our opinion, the decisions cited do not apply to this case, because the plaintiff here is not only demanding rent of the real estate of which he also demands a partition, but is also suing on various obligations alleged to he due by the succession on entirely different causes of action. As was said in Speyrer v. Miller, 108 La. 217, 32 South. 624, 61 L. R. A. 781, it is true the law abhors a multiplicity of suits, but it also abhors the cumulation of different demands against defendants who have no common interest.
The judgment is affirmed.