171 So. 569

**KELLY v. KELLEHER et al.**

No. 33969.

Nov. 30, 1936.

Charles F. Fletchinger, of New Orleans, for appellants.

Felix Wilfred Gaudin, of New Orleans, for appellee.

FOURNET, Justice.

Plaintiff, Jerome L. Kelly, brought this suit against his coheirs to effect a partition by licitation of certain property they acquired by inheritance from their late father and mother, Thomas J. Kelly and Mrs. Theresa F. Kelly. From the judgment of the district court ordering such a partition, this appeal is prosecuted.

Upon the death of their father, Thomas J. Kelly, the ownership of the property in controversy was vested jointly in the widow and heirs as follows: One-half in Mrs. Theresa F. Kelly, the surviving widow in community, and the other one-half, subject to the widow's usufruct, in the issue of the marriage between decedent and Mrs. Kelly, viz., Jerome L. Kelly, Mrs. Una Kelly Kelleher, Mrs. Celia Kelly Smythe, Mrs. Winifred Kelly Groetsch, Mrs. Florence Kelly Schayer, Mrs. Rosemary Kelly Quinius, Thomas J. Kelly, Jr., and Wesley L. Kelly.

On March 17, 1929, the defendant, Thomas J. Kelly, Jr., transferred the interest inherited by him from his father to his mother. The latter died on June 18, 1935, leaving a will whereby she placed her interest in the property in trust with the Whitney National Bank as trustee and named the bank as executor of her estate.

Jerome L. Kelly, plaintiff, made his coheirs parties defendant to the proceedings and also the executor of the estate of his mother, and asked that a curator ad hoc be appointed to represent Wesley L. Kelly, interdict.

The defendants, Mrs. Una Kelly Kelleher, Mrs. Florence Kelly Schayer, and Mrs. Rosemary Kelly Quinius, filed a joint answer, setting up in effect that a forced sale of the property at the time sought by the plaintiff would result in great and irreparable loss to them of their interest as heirs in the property because of the unprecedented economic conditions and depression that existed at the time, and prayed that the court invoke its equity powers under article 21 of the Revised Civil Code and stay the execution of the decree ordering the partition of the property until such time as the court may deem proper and advisable, that is, until such time as the real estate market might justify the sale.

The Whitney National Bank, as executor, filed an answer admitting all the allegations of fact of the petition, with the exception that the property was not divisible in kind and should be sold to effect a partition, which was denied, and averred that because of the financial condition of the market, it was of the opinion that a forced sale of the property was undesirable.

Henry B. Curtis, an attorney of the New Orleans bar, having been appointed curator ad hoc to represent the interdict, Wesley L. Kelly, was served with the petition and citation, and he filed an answer on behalf

of the interdict denying the allegations of plaintiff's petition.

No answer having been filed by Thomas J. Kelly, Mrs. Winifred Kelly Groetsch and Mrs. Celia Kelly Smythe, a preliminary judgment by default was entered against them on January 7, January 15, and January 24, 1936, respectively.

Mrs. Winifred Kelly Groetsch, who had been appointed and qualified as curatrix of the interdict, Wesley L. Kelly, subsequent to the filing of these proceedings and after an answer on behalf of the interdict had been filed by his curator ad hoc, excepted to the further prosecution of this suit against the interdict, which exception was overruled, but the court granted ten days in which to file an answer, which she failed to do.

The case went to trial on the merits on the 23d day of March, 1936, on the record as thus made up, and judgment was rendered on March 26, 1936, ordering the partition by licitation. All the defendants, except Thomas J. Kelly, Jr., and the Whitney National Bank, executor, have appealed from that judgment.

Appellants, in addition to the defense specially urged on the merits, now contend that there are certain defects patent on the face of the record and that they can urge any such defects which a purchaser at the partition sale could plead in a suit against the purchaser to compel acceptance of title. The defects which they claim are patent on the face of the record and which strike the proceedings with nullity are: (1) The preliminary judgment by default entered against Thomas J. Kelly, Jr., was prema-ture; (2) the interdict was improperly cited and served with process; and (3) Mrs. Celia Kelly Smythe, whose domicile was alleged to be in Orleans parish, was actually served at her residence and domicile in Jefferson parish.

Counsel for appellants laid great stress on the point, both in their briefs and in their oral argument, that the courts can and should exercise their equity powers under the provisions of article 21 of the Revised Civil Code to stay execution of judgments ordering partition by licitation until such time as market conditions for the sale of such property would warrant the execution thereof.

This court, in the case of Raceland Bank & Trust Co. v. Toups, 173 La. 742, 138 So. 652, 653, held that "the right of a co-owner to partition property which he holds in common with another is absolute. No one can be compelled to hold property with another (Civ.Code, art. 1289), and if the property is not divisible in kind, or if a division in kind cannot be made without loss and diminution of its value, the court must order it sold at public auction at the instance of any of the parties in order to effect a partition. It follows therefore that even though a partition by licitation would result in pecuniary loss to one of the co-owners because of the depressed value of the property at the time the partition is demanded, the sale must be made."

In the instant case the co-owners apparently do not contest the indivisibility in kind of the property in controversy. It necessarily follows, therefore, that the plaintiff is entitled to a partition by licita-

tion, and article 21 of the Civil Code being applicable only in the absence of positive or express law, the courts are without authority to grant the relief sought by appellants. Raceland Bank & Trust Co. v. Toups, supra.

Appellants call our attention to the fact that the citation addressed to Thomas J. Kelly was served upon him on December 28, 1935, and that a preliminary judgment of default was entered against him on January 7, 1936, and confirmed on March 23, 1936. This, they contend, renders the judgment ordering the partition of the property by licitation null, which may be availed of by the other defendants and appellants, title to whose property is affected by the decree of partition, even though Thomas J. Kelly did not join in the appeal, citing the case of Smith et al. v. Smith et al., 131 La. 970, 60 So. 634. In that case the court held:

"*A partition cannot subsist for one and be annulled for another. All the heirs are relieved from the partition when one is relieved. C.C. arts. 1329, 1412; C.P. arts. 1024, 1025.*" (Italics ours.)

■ By simple calculation it may be seen that the preliminary judgment by default was prematurely entered against Thomas J. Kelly, Jr.; consequently there was no issue joined when the judgment was rendered in so far as Thomas J. Kelly, Jr., was concerned, and it is therefore null as to him. Code of Practice, arts. 180 and 310; Fowler v. Smith, 1 Rob. 448, Arthur v. Cochran, 12 Rob. 41; Williams v. Dunn, 2 La.Ann. 806; E. J. Hart & Co. v. John Nixon & Co., 25 La.Ann. 136, 137; Taney v. Meilleur, 35 La.Ann. 117. ...

But it is argued and seriously contended by counsel for appellee that Thomas J. Kelly, having sold the interest he inherited from the succession of his father to his mother and that the estate of his mother being under executorship of the Whitney National Bank, he was therefore not a necessary party to these proceedings.

In the case of Boutte et al. v. Executors of Boutte, et al., 30 La.Ann. 177, this question was raised, except in that case the heirs were not cited or made parties to the proceeding, and the court, citing the cases of Kendrick's Heirs v. Kendrick, 19 La. 36, and Chalon v. Walker, 7 La.Ann. 477, said: "In this last case, like the one before us, the executor alone was cited, and though there was a dissenting opinion read by Justice Preston, he concurred with the court on that point, saying—*the action for partition is undoubtedly a real action, and the heirs should have been made parties to it.*" (Italics ours.)

In the case of Margaret Gibbs v. Executor of Estate of Jackson, 47 La.Ann. 766, 17 So. 291, this identical question was raised, thus: "The estate of Robert Jackson is represented only by the executor, and it is urged that he alone cannot represent the estate; that his heirs must be made parties." The court stated that although in two cases, Succession of Dumestre, 42 La.Ann. 411, 7 So. 624, and Smith v. Sinnott, 44 La. Ann. 51, 53, 10 So. 413, it had decided that an executor or an administrator has authority to institute suit for a partition without being joined by the heirs of the estate he represents, that it would not further extend that rule and held:

"The owner of property in indivision, who sues for a partition, should make the heirs in interest parties defendant, *and not the executor of their estate alone.*

"*The suit was for a partition. The heirs must be made parties. Civ.Code, art. 1329.*" (Italics ours.)

See, also, articles 1024 and 1025, Code of Practice, and Erskine v. Gardiner, 162 La. 83, 110 So. 97.

█ We therefore conclude that the judgment as to Thomas J. Kelly, Jr., is null, void, and of no effect, and that its nullity may be availed of by any of the parties to the proceedings because by the very nature thereof title to the entire property is thereby affected. Having reached this conclusion, it is unnecessary for us to discuss the other issues raised.

In a supplemental brief filed after this opinion was written, counsel for appellee contends that Thomas J. Kelly, Jr., having suffered the judgment of partition to be rendered against him after having been personally served and having failed to attack the judgment either by appeal or by direct action, the plea of estoppel could be urged at any time against him, and in support thereof cited several cases. A review of the cited cases shows that they hold in effect that if one suffers a judgment to be executed against him without opposing the same when he is present in the parish, or where the execution of the judgment is acquiesced in by the debtor, or where he has been guilty of laches, the action of nullity will not lie. We do not view these cases as being apposite to the *issues* involved here.

For the reasons assigned, the judgment of the district court is annulled and set aside, and the case remanded for further proceedings consistent with the views herein expressed; costs of the appeal to be paid by the appellee, all other costs to await the final judgment of the court.