**11 So.2d 513**

**JOHNSTON et al. v. BURTON.**

No. 36760.

Nov. 30, 1942.

Rehearing Denied Dec. 30, 1942.

Cline, Thompson, Lawes & Cavanaugh, of Lake Charles (Henry G. McMahon, of Baton Rouge, of counsel), for defendant-appellant.

Liskow & Lewis, of Lake Charles, for plaintiffs-appellees.

McCALEB, Justice.

On February 18, 1933 the defendant, William T. Burton, purchased at a judicial sale a large quantity of land situated in Iberia and St. Martin Parishes. The sale was made by the Sheriff of St. Martin Parish pursuant to a judgment of the 16th Judicial District Court for the Parish of St. Martin, dated January 12, 1933, in the suit entitled Ward D. Thompson v. E. F. Marin, Administrator of the Estate of George Purnell Johnston, No. 12,980 of the docket of said court, wherein the lands involved were ordered to be sold to effect a partition by licitation.

Plaintiffs, C. N. Johnston and others, the legal heirs of George Purnell Johnston, subsequently instituted this suit against Burton seeking the annulment of the sheriff's sale on the ground that the judgment of the District Court, upon which the sale was predicated, is null and void because the court was without jurisdiction ratione materiae and because some of the plaintiffs were not made parties to the proceeding in which a partition by licitation of the lands involved was decreed. After the defendant, Burton, had joined issue in the case, by answer denying the soundness of plaintiffs' claim, the matter was tried upon an agreed statement of facts and resulted in a judgment in plaintiffs' favor annulling the judicial sale under which the defendant acquired the property. Burton has appealed to this court from the adverse decision.

The facts of the case, which are not in contest, are as follows:

George Purnell Johnston, the ancestor in title of the plaintiffs, and one Albert H. Thompson, purchased the land involved in this litigation in equal indivision and held title to it during their respective lives. This property is located in the Parishes of St. Martin and Iberia, and comprises several tracts of land, part of which is contiguous, other portions being noncontiguous.

George Purnell Johnston died intestate in 1931, leaving surviving him as his heirs a mother, a brother, a sister, and four nieces and nephews, representatives of a deceased brother. All of these heirs, with the exception of Mrs. Augusta Rogers Johnston, mother of George Purnell Johnston, are plaintiffs in this suit. The succession of George Purnell Johnston was opened in the Parish of St. Mary where he had his domicile and one E. F. Marin was appointed and qualified as the administrator thereof. In those succession proceedings, Mrs. Augusta Rogers Johnston, the deceased's mother (who was then alive), C. N. Johnston and Mrs. Eleanor Johnston Jones were erroneously named as the sole and only heirs of the decedent, whereas, at that time, the other plaintiffs in this suit were also heirs of the same rank as those named.

Albert H. Thompson, the other co-owner of a one-half undivided interest in the land in contest, died prior to 1931. He left as his heirs Ward D. Thompson, Albert Emerson Prestridge and the minors, Allie Elizabeth Prestridge, Robert B. Prestridge, Jr., and Mary Bess Prestridge, all of whom, except Ward D. Thompson, are coplaintiffs in this suit.

While the succession of George Purnell Johnston was being administered, Ward D. Thompson, as one of the co-owners of the land through his inheritance from Albert H. Thompson, instituted a suit in the Parish of St. Martin for a partition of the property herein involved which had been held in indivision by Albert H. Thompson and George Purnell Johnston. The defendants named in that suit were E. F. Marin, administrator of the estate of George Purnell Johnston, the other heirs of Albert H. Thompson, C. N. Johnston and Mrs. Eleanor Jones, two of the plaintiffs herein, and their mother, Mrs. Augusta Rogers Johnston, now deceased. The last three named parties, who were joined as defendants in the partition suit, were served with process through a curator ad hoc. However, the other plaintiffs in this litigation, to wit, Edgar Newton Johnston, Felton M. Johnston, Mrs. Mary Johnston Moore and Mrs. Evelyn Elizabeth Patterson, who are coheirs and were co-owners of the land at that time as heirs of George Purnell Johnston, were not joined as parties either plaintiff or defendant in the partition suit.

The curator ad hoc named by the court to represent Mrs. Augusta Rogers Johnston, C. N. Johnston and Mrs. Eleanor Johnston Jones filed an exception in the partition suit and the case was dismissed as to them. Subsequently, judgment by default was entered in that case recognizing Ward D. Thompson, "The Succession of George Purnell Johnston" and the other heirs of Albert H. Thompson as the owners of the property in indivision and decreeing a partition thereof by licitation. In accordance with this decree of court, the sheriff of St. Martin Parish thereafter sold to the defendant the property, which, as we have heretofore stated, was situated in Iberia and St. Martin Parishes.

The plaintiffs in this action attacked the validity of the sale to Burton and the judgment of partition, upon which the sale was ordered, on the following grounds:

(1) That, since a portion of the land is located in Iberia Parish and is not contiguous to the land in St. Martin Parish, the judgment decreeing a, partition by licitation is void for the reason that the district court of St. Martin Parish was without jurisdiction over the whole property which it ordered to be sold.

(2) That, since all of the heirs of George Purnell Johnston were not made parties to the partition proceedings, the judgment decreeing the partition is void because an administrator of a succession of a former owner of property held in indivision is not a proper party defendant and cannot represent the heirs in a suit having for its purpose a partition of the property.

Before we discuss the correctness of the contentions made by the plaintiffs, which were maintained by the trial judge, it is apt to observe that the defendant, Burton, was recognized by the trial court as the owner of a one-third interest in some of the lands involved in this contest. This recognition was predicated upon an alternative claim made by Burton that, subsequent to the partition suit, he purchased an undivided one-third interest in part of the lands involved from one James Overhultz. Counsel for the plaintiffs concede the correctness of the court's judgment in this respect and, as a consequence, this appeal presents for determination only the questions above stated which relate the invalidity of the judgment ordering the partition by licitation.

The first proposition advanced by the plaintiffs in their attack upon the validity of the judgment of partition is that, since the lands sought to be partitioned comprised property in the Parish of Iberia as well as property in St. Martin Parish, the court was without jurisdiction ratione materiae of the entire res since all of the land was not contiguous and that, therefore, the sale of the property pursuant to the judgment of court was void and should be annulled. In support of this contention, plaintiffs rely upon the provisions of Article 165 of the Code of Practice and Article 1290 of the Civil Code and the case of Mitcham v. Mitcham, 186 La. 641, 173 So. 132.

The pertinent part of Article 165 of the Code of Practice, which deals with the exceptions to the rule that a defendant must be sued at his domicile, reads as follows:

"There are other exceptions to this rule which require that the defendant be sued before the judge having jurisdiction over the place of domicil or residence; they are here enumerated:

"1. Partition of Real Property. In matters relative to the partition of real property between several coproprietors, for in such cases the suit must be brought before the court .of the place where ‹ such property is situated, though the coproprietors may reside in different parishes."

Article 1290 of the Civil Code declares, in part, that in partitions between co-proprietors of the same thing " * * * The action must be brought before the judge of the place where the property to be divided is situated, wherever the parties interested may be domiciliated."

In view of the above-quoted articles, it is patent that the district court of the Parish of St. Martin was without jurisdiction to decree a partition of the property located in the Parish of Ibéria and that the judgment is an absolute nullity at least in so far as that property is affected.

Counsel for the defendant concede this proposition. However, they assert that the judgment of partition and sale thereunder is only partially null and they insist that, inasmuch as the district court of St. Martin Parish had jurisdiction over the land which was situated in St. Martin Parish, the validity of the judgment should be maintained to that extent. To sustain this contention, counsel rely upon the decision in Mitcham v. Mitcham, supra, which is also depended upon by counsel for plaintiffs in support of their point that the judgment and sale are absolutely null.

In Mitcham v. Mitcham there were two partition suits which were consolidated in this court on appeal. One of these suits involved the validity of a judgment rendered by the Second Judicial District Court for the Parish of Claiborne, decreeing a partition of lands situated in Claiborne and Union Parishes. In the other suit there was presented the question of the validity of a judgment rendered by the Third Judicial District Court for the Parish of Union, in which the same lands situated in Union and Claiborne Parishes were ordered sold to effect a partition. After citing Article 165 of the Code of Practice and Article 1290 of the Civil Code, this court held that the district court for the Parish of Claiborne was without jurisdiction ratione materiae

to order a partition of the lands situated in Union Parish and that, likewise, the district court of Union Parish was without jurisdiction to order a partition of the lands situated in Claiborne Parish. In these circumstances, it was decreed that the judgment of the district court of the Parish of Claiborne be annulled, in so far as it affected the lands situated in Union Parish, and that the judgment of the district court of the Parish of Union be annulled, in so far as it affected the lands in Claiborne Parish, and the cases were ordered remanded to the respective district courts for further proceedings in accordance with the views expressed by us.

Counsel for defendant maintain that the decision in Mitcham v. Mitcham is authority for their contention that the judgment of the district court of St. Martin Parish in the partition suit is null only to the extent that it ordered the sale of the lands situated in Iberia Parish and that, since the court obviously had jurisdiction over the lands situated in St. Martin Parish, the validity of the judgment and the sale made thereunder should be sustained in so far as those lands are concerned.

On the other hand, counsel for the plaintiffs say that the opinion in Mitcham v. Mitcham is clearly distinguishable from the instant case for the reason that there the lands had not yet been sold under the judgments of partition at the time the appeals were heard in this court and that, while it was entirely proper, under the circumstances, for this court to remand the cases and maintain the jurisdiction of the respective courts, i. e., Union and Clai-

borne Parishes, in so far as it affected the lands lying within the borders of those Parishes, a different conclusion would have been reached if the property had already been sold under the judgments of those courts.

We think that the contention of the plaintiffs is well founded. The lands in the instant case were situated in two parishes and the district court was without jurisdiction to order a partition by licitation of the noncontiguous property located in Iberia Parish. Hence, when it decreed that all of the lands be sold as a whole to the highest bidder for cash, it rendered a judgment which could not be enforced legally. A certified copy of the sheriff's sale, which was made pursuant to this judgment, shows that the sheriff did not sell the property in separate tracts, but that he sold the whole lot of land at one and the same time to the defendant, who was the highest bidder at the sale and who offered to buy all of the property for the sum of $2,800 cash.

The point made by the defendant, that the sale was void only in so far as it affected the lands in Iberia Parish, might have some merit if the judgment of partition had provided for the sale of the land in St. Martin Parish as a separate and distinct parcel and for the sale of the land in Iberia Parish as another parcel. In such a case it could be argued with force that, since the district court of St. Martin Parish had jurisdiction of the land located in that Parish, the sale was valid in so far as that land was concerned. However, as we have above stated, all of the land was

ordered sold in globo and was acquired by the defendant by one bid. In this situation, it would be impossible to sustain the sale in part for it cannot be determined how much the land in St. Martin Parish brought at the sheriff's sale or the price which was paid for the land in Iberia Parish.

The decree rendered in Mitcham v. Mitcham, supra, does not control the result to be reached in the matter at hand. In the Mitcham case the sale of the property under the decrees by the respective courts of Claiborne and Union Parishes had been suspended by appeals to this court. Therefore, when we resolved that the courts below were without jurisdiction with regard to the lands not situated within the particular parishes in which the proceedings were brought, it was proper to maintain the jurisdiction of the courts, in so far as the lands located within their respective jurisdictions were concerned, and remand the cases for further proceedings for a partition of those lands. Our decree was of an equitable nature having for its purpose the correction of a patent error at a time when it was still feasible to prevent its perpetuation. But, in the instant case, it is impossible to undo that which has already been done. The sale under the judgment of the district court of St. Martin Parish is an accomplished fact and this sale includes property over which the court was without jurisdiction. It cannot, therefore, be maintained in part and rescinded in part, but must be annulled in its entirety.

We are also of the opinion that the trial judge was correct in maintaining plaintiffs' second contention, i. e., that the

judgment of partition is void because of the failure of the plaintiff in that case to join all of the heirs of George Purnell Johnston as parties to the proceeding.

Counsel for the defendant take the position that it was unnecessary to make the heirs of Johnston parties to the partition suit because the administrator of the succession was fully vested with the right, under our law, to defend the interest of the heirs in any real action. In support of their contention counsel cite McMahon's Louisiana Practice, pages 192 and 193; Pauline v. Hubert, 14 La.Ann. 161; Vicksburg, S. & P. R. Co. v. Tibbs, 112 La. 51, 36 So. 223; Veith v. Meyer, 166 La. 453, 117 So. 552; Woodward v. Thomas, 38 La. Ann. 238 and other cases.

None of the cases cited by counsel for the defendant involve an action for a partition, and they are authority only for the proposition that a real action may be brought against the administrator of an intestate succession alone without joining all of the heirs of the decedent as parties in interest. The views expressed by Professor McMahon in his recent treatise on Louisiana practice (pages 192 and 193) are based upon the decisions in the cases cited above, and it is manifest, from a reading of the text, that the author did not consider that partition suits might form an exception to the general rule which he announced.

In our research, we have been unable to find a single case, and none has been cited to us by counsel for the defendant, holding that the heirs of a decedent, whose property is under administration, are not necessary parties to an action brought by a coproprietor for a partition of property which was held in indivision by such coproprietor and the decedent, prior to the latter's death, and that the administrator or executor of the succession could stand in judgment. On the contrary, the Civil Code and the well-established jurisprudence of this court make it plain that all of the decedent's heirs must be joined as parties to the action in order that a partition of the property may be effected. See Civil Code, Articles 1308, 1320, 1329 and 1412 and Chalon v. Walker, 7 La.Ann. 477; Boutte v. Executors of Boutte, 30 La.Ann. 177; Gibbs v. Executor, 47 La.Ann. 766, 17 So. 291; Veazy v. Trahan, 26 La.Ann. 606 and Kelley v. Kelliher, 186 La. 51, 171 So. 569.

Article 1308 of the Civil Code provides: "The action of partition will not only lie between coheirs and legatees, but between all persons who hold property in common, from whatever cause they may hold in common."

Article 1320 declares that it is not necessary, in order to support the action of partition, that the coheirs should be in actual possession of the succession or the thing divided because, among coheirs and coproprietors, it is not the possession, but the ownership which is the basis of the action.

Article 1329 of the Code states that the suit for partition should be instituted by the heir who wishes the division and that "the coheirs or their representatives must be cited, in order that the partition may be ordered, * * *".

It will be seen from the foregoing that a partition of property is exactly what its name declares it to be—a division of the property between the owners who hold in indivision. Hence, it is obvious that each and every owner or heir must, of necessity, be made a party to the action in order that he may be afforded the opportunity of asserting his rights. The administrator of a succession cannot be substituted as a party defendant for the legal heirs because the administrator does not own the property of the succession; he is merely the representative of the creditors of the succession and is charged with the duty of marshalling the assets of the estate and paying the just debts of the decedent. And, in Louisiana, the succession itself does not own the property because, from the moment of death, the maxim "Le mort saisit le vif" applies and the property of the deceased person is transferred directly and immediately to the legal heir or, in the absence of forced heirs, to the universal legatee, "without any intermediate stage when it would be vested in the succession representative, or in the legal abstract called 'succession.'" See Succession of Coco, 185 La. 901, 171 So. 70, 73, and Tulane University v. Board of Assessors, 115 La. 1025, 40 So. 445.

It was squarely held by this court in Boutte v. Executors of Boutte, Gibbs v. Executor, Veazy v. Trahan and Kelley v. Kelliher, supra, that an action for a partition of property will not lie against an executor or an administrator of an estate and that the heirs must be made parties to the proceeding.

Counsel for the defendant seeks to avoid the weight of these decisions by contending that, in all of these cases excepting Veazy v. Trahan, the court simply held that an executor could not be made a party defendant in a partition suit without joining the heirs because of the specific provisions of Article 123 of the Code of Practice, which declare that "All real actions, such as those of revendication, and the like, must be brought both against the testamentary executor and the heirs present or represented". And with respect to the case of Veazy v. Trahan, wherein an administrator was involved, counsel maintain that it was incorrectly decided.

We find ourselves unable to agree with these postulations. While it is true that the cases referred to, except Veazy v. Trahan, apply to executors, we do not find that the court based its conclusions on Article 123 of the Code of Practice. On the contrary, the results reached in those matters are premised upon the view (as shown by the language contained in Gibbs v. Executor) that, while it had been decided in Succession of Dumestre, 42 La. 411, 7 So. 624, and Smith v. Sinnott, 44 La.Ann. 51, 53, 10 So. 413, that an executor or an administrator has authority to institute suit for a partition without being joined by the heirs of the estate he represents "We are not inclined to extend further the rule laid down in the cases cited ubi supra. The owner of property in indivision, who sues for a partition, should make the heirs in interest parties defendant, and not the executor of the estate alone. The suit was for a partition. The heirs must be made parties.

Civ.Code, art. 1329". See Gibbs v. Executor, supra, also Kelley v. Kelliher, supra.

Since all of the heirs were not made parties to the partition proceedings, the judge of the district court was correct in resolving that the judgment was an absolute nullity (See Kelley v. Kelliher, supra, Latham v. Glasscock, 160 La. 1089, 108 So. 100 and Article 1412 of the Civil Code) and that the sale made to the defendant on the authority of that judgment was, likewise, void and of no effect.

For the reasons assigned, the judgment appealed from is affirmed.

O'NIELL, C. J., concurs in the decree.

ROGERS, J., absent.