360 So.2d 244 (1978)
Curtis CARDONE, Plaintiff-Appellee,
v.
G & R SERVICE CENTER, INC., et al., Defendants-Appellants.
Revonne HARDEN et al., Plaintiffs-Appellees,
v.
Curtis CARDONE, Defendant-Appellant.
Nos. 11771, 11963.
Court of Appeal of Louisiana, First Circuit.
June 12, 1978.
Michael R. Connelly, Baton Rouge, of counsel for plaintiff-appellee and defendant-appellant Curtis Cardone.
Eugene R. Groves, Baton Rouge, of counsel, for defendant-appellant and plaintiffappellee G & R Service Center, Inc., et al.
Before LANDRY, SARTAIN and ELLIS, JJ.
SARTAIN, Judge.
These two cases are both appeals from default judgments.
The first suit, Cardone v. G & R Service Center, Inc., et al. (# 11,771), is an action in tort brought by Curtis Cardone against G & R Service Center, Inc., Revonne Harden and others. Judgment was rendered therein in favor of Cardone in the sum of $25,198.79.
The second suit, Revonne Harden et al. v. Curtis Cardone (# 11,963) is an action brought by the defendants in the first suit to have the judgment rendered against them declared a nullity pursuant to C.C.P. Art. 2004.
The defendants in both suits have timely appealed. We consolidated these causes for consideration in this court.
In the first suit, one of the issues raised by the defendants therein is the contention that the preliminary default upon which the confirmation was based was prematurely entered and that the judgment is therefore void. We find this contention meritorious and, therefore, do not consider the ill practices complained of.
Suit No. 11,771 was filed on April 26, 1977. However, service was not made upon the defendants until April 29, 1977. Preliminary default was entered on May 16, 1977. On May 20, 1977, evidence was adduced to confirm the default and the matter was taken under advisement by the court. Judgment was rendered and signed on June 15, 1977.
When a defendant fails to answer in the time prescribed by law a default judgment may be rendered against him. C.C.P. Art. 1701. The time prescribed by law is fifteen days after service of citation. C.C.P. Art. 1001. In computing this delay the date of service is not to be computed. When the last day of the period is a legal holiday the period runs until the end of the next day which is not a legal holiday. C.C.P. Art. 5059. The period therefore began on April 30, 1977. The fifteenth day was Saturday, May 14, 1977. Both this day and Sunday, May 15, 1977, were legal holidays, East *245 Baton Rouge Parish being in the Sixth Congressional District. R.S. 1:55(A)(1). The delay for answering was therefore extended through May 16, 1977. The first date on which a preliminary default could have validly been entered was May 17, 1977. The preliminary default taken in this case was therefore premature. Under the Code of Practice a judgment rendered pursuant to a prematurely entered judgment by default was null. Kelly v. Kelleher, 186 La. 51, 171 So. 569 (1937). This rule was based upon Articles 180 and 310 of the Code of Practice. Articles 1001 and 1701 of the present Code of Civil Procedure are based upon these articles. We do not believe that the changes in wording were intended to change this rule of law. We must therefore reverse the judgment of the trial court and remand for further proceedings.
The appeal in Number 11,963 of the judgment declaring the judgment in Number 11,771 to be a nullity is rendered moot by our reversal of the judgment in Number 11,771. We will therefore dismiss the appeal in Number 11,963 as moot.
Accordingly, the judgment in Cardone v. G & R Service Center, Inc., et al. (# 11,771) is reversed and remanded. All costs in these proceedings relating to the confirmation of default and this appeal are assessed against the plaintiff. All other costs are to await a final determination on the merits.
In Revonne Harden, et al. v. Curtis Cardone (# 11,963), the defendant's appeal is dismissed as moot at his cost.
NUMBER 11,771REVERSED AND REMANDED.
NUMBER 11,963APPEAL DISMISSED.