LOLLEY, J.
| tDefendant, Ali Moghimi, appeals a default judgment rendered against him by the Monroe City Court, Parish of Ouachi-ta, State of Louisiana, in a suit to recover a debt on an open account. In light of the legislation implemented in response to Hurricanes Katrina and Rita suspending and extending legal deadlines, we vacate the judgment and remand for a trial on the merits.
FACTS
On August 25, 2005, appellee, Fox Electric, LLC (“Fox”), filed a suit on open account naming as defendant, Ali Moghimi, alleging that Moghimi owed $2,940.00 for electrical contracting services provided, along with $53.00 in filing fees for a statement of lien and privilege together with attorney fees and legal interest. On August 26, 2005, personal service was made upon Moghimi.
On September 7, 2005, Fox filed a pleading seeking a default judgment. On September 9, 2005, Moghimi, pro se, filed a petition for Enlargement of Time requesting a 60-day extension to answer explaining that Moghimi’s local attorney was not available; all his files had been forwarded to his contact person in New Orleans in hopes of retaining other legal counsel; and, due to the hurricane he was unable to reach anybody in New Orleans, including his contact person. On September 12, 2005, the trial court granted a 10-day extension. On October 3, 2005, Moghimi was served with an order extending the delay for answering by 10 days. On 12October 4, 2005, Moghimi, pro se, again requested a *606 60-day extension, this time based on Executive Order KBB No.2005-32 establishing emergency suspension of legal deadlines, signed by Governor Blanco in response to the hurricanes. However, the trial court denied the request.
On October 20, 2005, the trial court signed the default judgment, and recognized Fox’s Lien and Privilege against Moghimi’s residence. Moghimi was personally served with the judgment on October 21, 2005. On October 27, 2005, Moghi-mi, pro se, filed a Motion for New Trial asserting that the Executive Orders suspended all legal deadlines and therefore the default judgement should be set aside.[1] On the same day, Moghimi also filed an Answer and a Reeonventional Demand. On November 4, 2005, Fox filed an Answer to Reeonventional Demand. A Writ of Fieri Facias (“Fi Fa”) was issued on November 14, 2005, and cash was seized from Moghimi’s residence on November 17, 2005, to satisfy Fox’s judgment. On November 21, 2005, Donald Studer enrolled as Moghimi’s counsel and filed a Motion For Order Recalling the Writ of Fi Fa.
On December 6, 2005, a hearing was held on Moghimi’s Motion for New Trial and Rule to Recall the Writ of Fi Fa. The trial court denied the Motion for New Trial, and stayed the Writ of Fi Fa pending the timely filing of an appeal. Fox deposited $4,211.46, representing funds seized from Moghimi, into the registry of court. This appeal ensued.
| oLAW AND DISCUSSION
Moghimi argues that the Governor’s Executive Orders (“Executive Orders”) suspending legal deadlines due to Hurricanes Katrina and Rita apply to the instant ease and therefore the trial court erred in rendering a default judgment. Fox maintains that the default judgment was correctly rendered and believes the Executive Orders were enacted primarily to apply to lawsuits in the southern parts of Louisiana. Furthermore, Fox argues that Moghimi had the burden to prove he was adversely affected by the hurricanes.
This court recognizes the period of uncertainty and instability our judicial system experienced during the aftermath of the hurricanes. Because of the judicial climate and as we have commented before, “when dealing with a pro se litigant, it is incumbent upon the members of the bar to well represent their profession and behave with the utmost professionalism so as to avoid any appearance of attempting an unfair advantage over their pro se adversary.” Youngblood v. Lee, 40,314 (La.App.2d Cir.11/02/05), 914 So.2d 1186, 1189, writ denied, 926 So.2d 522 (La.04/17/06). It is generally true that when a defendant fails to answer in the time prescribed by law a default judgment may be rendered against him. See La. C.C.P. art. 4904. However, given the Executive Orders and circumstances, the case at bar should be looked at in context.
Louisiana R.S. 9:5821(A) clearly sets forth the purpose of the suspension of legal deadlines in response to the hurricanes, codifying the Executive Orders, and states:
I ¿The legislature finds that Hurricanes Katrina and Rita created a statewide emergency disrupting and forcing the closure of certain courts and public offices and further resulting in the displacement of courts, offices, clients, and counsel. This Chapter is enacted for the benefit and protection of the state as a whole and its citizens, and to prevent injustice, inequity, and undue hardship *607 to persons who were prevented by these hurricanes from timely access to courts and offices in the exercise of their legal rights, including the filing of documents and pleadings as authorized or required by law. Therefore, this Chapter shall be liberally construed to effect its purposes. (Emphasis added.)
Furthermore, La. R.S. 9:5822(A) states, in pertinent part, that:
All prescriptions, including liberative, acquisitive, and the prescription of non-use, and all peremptive periods shall be subject to a limited suspension and/or extension during the time period of August 26, 2005, through January 3, 2006; however, the suspension and/or extension of these periods shall be limited and shall apply only if these periods would have otherwise lapsed during the time period of August 26, 2005, through January 3, 2006.
(Emphasis added.) In addition, the supreme court has upheld other extensions of prescription periods stemming from the hurricanes. See State of Louisiana v. All Property and Casualty Insurance Carriers Authorized and Licensed to Do Business in the State of Louisiana, 2006-2030 (La.08/25/06), 937 So.2d 313.
We acknowledge that, in the instant case, at the time of the proceedings Executive Order No. KBB 2005-67 was in effect, and applicable, which extended the initial suspension to November 25, 2006. We also note that the Louisiana Supreme Court, in the same order, set forth a temporary procedure for courts to lift or shorten the suspension in appropriate cases. Here, the temporary procedure was not followed, and therefore did not effect the suspension period set forth in the Executive IfiOrder. Furthermore, every Executive Order in response to the hurricanes made clear that it applied statewide, and not only to those in the “southern part of the state” as suggested by Fox.
Nonetheless, since it is now clear that the suspension was in effect on the date that initial service was made on Moghimi, the action taken subsequent to the service is akin to a premature default judgment. Here, the prescribed period to answer had been suspended. Since the 10-day delay provided by La. C.C.P. Art. 4903 had not expired, the default judgment was premature and therefore null. Cardone v. G & R Service Center, Inc., 360 So.2d 244 (La.App. 1st Cir.1978). Because we determine that the first assignment of error is dispos-itive of the matter on appeal, we pretermit discussion of plaintiffs other assignments of error. Moghimi further seeks an order cancelling Fox Electric’s lien. Given the underlying facts, the trial court must conduct a trial on the merits and dispense with the cancellation of the lien at that time. See generally Mayeaux v. McInnis, 2000-1540 (La.App. 1st Cir.09/28/01), 809 So.2d 310, writ denied, 810 So.2d 1165 (La.03/08/02).
CONCLUSION
For the foregoing reasons, we find the default judgment prematurely entered and therefore null. We hereby set aside the default judgment, and remand for trial on the merits. Costs of this appeal are assessed against appellee, Fox Electric.
REVERSED AND REMANDED.

. A Motion for New Trial is the proper procedural mechanism as provided by La. C.C.P. art. 4907(B) in response to the default judgment.